IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 26, 2007

Charles R. Fulbruge III
Clerk

No. 06-60904
Summary Calendar

GEORGE NELSON

Petitioner-Appellant

v.

CONSTANCE REESE; RITA A. STANLEY

Respondents-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:06-CV-56

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

George Nelson, former federal prisoner # 09924-018, challenges, pro se, the denial of his motion under Federal Rule of Civil Procedure 60(b), which he filed following the dismissal of his 28 U.S.C. § 2241 petition as moot because he had been deported. Nelson contends that the Bureau of Prisons (BOP) and Immigration and Customs Enforcement Agency (ICE) unconstitutionally extended his prison term by failing to deport him by March 23, 2006. He claims

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the agencies are liable for his "illegal . . . incarceration" and the stress they have caused his family.

When an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that judgment. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Although pro se briefs are afforded liberal construction, pro se litigants must still brief arguments in order to preserve them. Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Nelson does not challenge the district court's determination that, because he had already been released and deported, his § 2241 petition was moot. Accordingly, Nelson has abandoned any challenge to the dismissal of his § 2241 petition as moot. See Yohey, 985 F.2d at 224-25; Brinkmann, 813 F.2d at 748.

The denial of a Rule 60(b) motion is reviewed for abuse of discretion. See Edwards v. City of Houston, 78 F.3d 983, 995 (5th Cir. 1996) (en banc). Under this standard, "[i]t is not enough that the granting of relief might have been permissible, or even warranted–denial must have been so unwarranted as to constitute an abuse of discretion." Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 402 (5th Cir. 1981). The only relief Nelson specifically requested from the district court was his immediate release from prison and deportation. He was released and deported. Thus, it cannot be said that the district court abused its discretion in denying Nelson's Rule 60(b) motion.

AFFIRMED.